TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER P. WILLIAMS, Assistant United States Attorney (#15942)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 325-3260

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Nos. 17-4154/4155 |
| Respondent/Appellee, | : | |
| | : | |
| vs. | : | OPPOSITION TO PETITIONERS' |
| | : | MOTION TO RECALL THE |
| ERIC KAMAHELE, KEPA MAUMAU, | : | MANDATE |
| | : | |
| Petitioners/Appellants. | : | |

On July 22, 2022, Petitioners filed a motion to recall the mandate based on the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery is not categorically a crime of violence under the force clause of 18 U.S.C. § 924(c). Because this case does not present the type of extraordinary circumstances that would warrant recalling the mandate, this Court should deny the motion.

**FACTUAL BACKGROUND**

The Petitioners were members of the Tongan Crip Gang (TCG), and TCG's members committed numerous armed robberies in Utah and Arizona in 2007 and 2008. *See generally United States v. Kamahele*, 748 F.3d 984, 993-95 (10th Cir. 2014). At a joint trial, they were convicted of various crimes, including assault with a dangerous weapon in aid of racketeering under the Violent Crimes in Aid of Racketeering Statute ('VICAR'), 18 U.S.C. § 1959; using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c); Hobbs Act robbery, 18 U.S.C. § 1951; and conspiracy to engage in racketeering. *United States v. Toki*, 822 F. App'x 848, 851 (10th Cir. 2020), cert. granted, judgment vacated sub nom. *Maumau v. United States*, 142 S. Ct. 57, 211 L. Ed. 2d 3 (2021), and cert. granted, judgment vacated sub nom. *Kamahele v. United States*, 142 S. Ct. 58, 211 L. Ed. 2d 3 (2021). The 924(c) convictions used a combination of Hobbs Act robbery and VICAR as the crime-of-violence predicates. *Id.*

Petitioners' convictions were affirmed on direct appeal. *Kamahele*, 748 F.3d at 993. Petitioners then filed 2255 petitions, arguing, *inter alia*, that their 924(c) convictions were unconstitutional because the crimes on which they were predicated—VICAR and Hobbs Act robbery—were not categorically crimes of violence. *Toki*, 822 F. App'x at 851-52.

In its August 11, 2020 decision, this Court rejected Petitioners' challenges to their § 924(c) convictions, noting that counsel for Petitioners conceded at oral argument that VICAR convictions based on Utah and Arizona assault with a dangerous weapon are categorically crimes of violence. *Id.* at 853. With respect to Petitioners' challenges to their § 924(c) convictions based on Hobbs Act robbery, the Court, relying on its prior decision in *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), reaffirmed that Hobbs Act robbery is categorically a crime of violence. *Toki*, 822 F. App'x at 853.

On October 4, 2021, the United States Supreme Court vacated this Court's prior Order and Judgment in these appeals and remanded the case for further consideration in light of *Borden v. United States*, 593 U. S. ___, 141 S. Ct. 1817 (2021), which held that an offense with a mens rea of recklessness cannot qualify as a "violent felony" under the ACCA.

On remand, Petitioners argued, and the United States conceded, that Petitioners' VICAR convictions based on Utah and Arizona assault with a dangerous weapon were not crimes of violence. *See United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022). Agreeing with the parties, the Court granted relief to Petitioners from their VICAR-based § 924(c) convictions. *Id.* at 1281. However, noting that Petitioners did not argue that *Borden* affected the validity of

3

their 924(c) convictions based on Hobbs Act robbery, the Court proceeded to "reaffirm those portions of our Order and Judgment denying relief on petitioners' other claims." *Id.* at 1282 (citing *Toki*, 822 F. App'x at 853-58; *Melgar-Cabrera*, 892 F.3d at 1061-66).

The Court issued the mandate in this case on April 13, 2022. Pursuant to extensions granted by the Supreme Court, Petitioners have until August 3, 2022 (Maumau) and September 2, 2022 (Kamahele), to file a petition for a writ of certiorari. *See* Case Nos. 17-4154/55.

On June 21, 2022, the Supreme Court decided *Taylor*, holding that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. *Taylor*, 142 S. Ct. 2015.

On July 22, 2022, Petitioners filed a motion to recall the mandate, citing the Supreme Court's decision in *Taylor* and arguing that their § 924(c) convictions based on Hobbs Act robbery are no longer valid. Motion to Recall the Mandate (Motion) at 1-2. In particular, they argue that the record "does not establish categorically that Petitioners were convicted of completed Hobbs Act robberies. Because the Hobbs Act charges could be established by attempted robbery . . . Petitioners are entitled to relief under *Taylor*." *Id.* at 3-4.

## DISCUSSION

This Court should deny the motion because Petitioners have failed to establish that extraordinary circumstances warrant such relief.

Nothing in the statutes or rules governing the proceedings of the Courts of Appeals authorizes those courts to recall their mandates, but the Supreme Court has held they have such "inherent" authority. *Calderon v. Thompson*, 523 U.S. 538, 549 (1998). The Court has cautioned, however, that "the power can be exercised only in extraordinary circumstances." *Id.* at 550. "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen, contingencies." *Id.*

Petitioners ask this Court to recall the mandate because, after *Taylor*, they claim that they are now innocent of their § 924(c) convictions as the Hobbs Act charges could have been established by attempted robbery. The United States does not concede that Petitioners' Hobbs Act charges could have been established by attempted robbery, or that, even if they could, Petitioners would be entitled to relief.[1]

---

[1] The Court in *Toki* left this question open, noting "[w]e need not address whether petitioners' claims of actual innocence would be viable if the predicate crimes for their § 924(c) convictions were not crimes of violence." *Toki*, 822 F. App'x at 854 n.2 (citing *United States v. Bowen*, 936 F.3d 1091, 1097 n.2 (10th Cir. 2019)

5

But even if Petitioners are correct that their Hobbs Act charges could have been established by attempted robbery, the recent decision in *Taylor* is not the type of extraordinary circumstance that would warrant recalling the mandate in this case. A change of law is rarely grounds for modifying the Court's mandate. As this Court has recognized, "[i]t may be unfortunate, but it is not 'grave,' 'unforeseen,' or 'extraordinary,' that the Supreme Court renders decisions that are inconsistent with prior final decisions of the lower courts." *United States v. Falls*, 129 F. App'x 420, 421 (10th Cir. Apr. 13, 2005) (unpublished). This is especially so where the "supervening Supreme Court decision(s) came down after the mandate had issued." *Id.*

Thus, the mere fact of an intervening Supreme Court decision does not constitute an extraordinary circumstance warranting recall of the mandate. That principle is especially applicable here, as *Taylor* was pending in the Supreme Court when the Supreme Court remanded the Petitioners' cases for further consideration in light of *Borden* on October 4, 2021. *See Toki*, 23 F.4th at 1280; *United States v. Taylor*, Case No. 20-1459 (petition for certiorari granted July 2, 2021). Yet despite filing a supplemental brief with this Court on December 6, 2021,

---

("[N]either our circuit nor the Supreme Court has definitively resolved whether a claim of actual innocence based on a new statutory interpretation—rather than such a claim based on new evidence—can overcome § 2255's statute of limitations.")).

Petitioners made no claim that they had actually been convicted of attempted Hobbs Act robbery, nor did they ask the Court to stay proceedings pending the Supreme Court's decision in decision in *Taylor*. Indeed, the Court proceeded to "reaffirm those portions of our Order and Judgment denying relief on petitioners' other claims," noting that "Petitioners did not argue that *Borden* affected the validity of their 924(c) convictions based on Hobbs Act robbery[.]" *Toki*, 23 F.4th at 1282.

Petitioners could have taken advantage of the supplemental briefing opportunity to apprise the Court of the pending *Taylor* case in the Supreme Court, and to argue that it had the potential to affect their 924(c) convictions as those convictions were predicated on attempted Hobbs Act robbery. But Petitioners did not do so, and cannot now argue that the *Taylor* decision was unforeseen.

Moreover, Petitioners ask this Court to take the extraordinary step of recalling the mandate while recognizing that their time to petition for certiorari to the Supreme Court has not yet expired—indeed, they obtained extensions to August 3, 2022 (Maumau) and September 2, 2022 (Kamahele), to file a petition for certiorari. Recalling the mandate is not warranted as Petitioners can still raise their claims regarding the effect of *Taylor* on their 924(c) convictions to the Supreme Court in a petition for certiorari.

In short, Petitioners have not established that extraordinary circumstances warrant recalling the mandate.

**CONCLUSION**

The Court should deny Petitioners' motion to recall the mandate.

RESPECTFULLY SUBMITTED this 26th day of July, 2022.

        TRINA A. HIGGINS
        United States Attorney


        */s/ Jennifer P. Williams*
        JENNIFER P. WILLIAMS
        Assistant United States Attorney
        Utah Bar No. 15942
        111 South Main Street, Suite 1800
        Salt Lake City, Utah 84111-2176
        (801) 325-3260
        jennifer.williams2@usdoj.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and an electronic copy via the ECF system of the foregoing Opposition to Petitioners' Motion to Recall the Mandate was served to the party named below, this 26$^h$ day of July, 2022.

    Scott Keith Wilson, Federal Public Defender
    Benjamin C. McMurray, Assistant Federal Public Defender
    Federal Public Defender
    District of Utah
    46 West Broadway, Suite 110
    Salt Lake City, Utah 84101


                                      */s/ Libby Oberg*
                                      LIBBY OBERG
                                      Legal Administrative Specialist